**WO** JKM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joel Martinez-Perez, | No. CV 08-0196-PHX-SMM (MHB) |
| Petitioner, | **ORDER** |
| vs. | |
| Warden Gilky, | |
| Respondent. | |

Petitioner Joel Martinez-Perez (77413-008), who resides in Rio Rico, Arizona,[1] has filed a *pro se* Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. The five dollar filing fee has been paid. The Court will dismiss the Petition.

Petitioner challenges his 1994 deportation order. Petitioner argues that he should have been found eligible for relief under former § 212(c) of the Immigration and Nationality Act because his Arizona drug conviction does not qualify as an aggravated felony. Petitioner's challenge to his deportation order is not cognizable in this Court.

Under the REAL ID Act of 2005, the district courts no longer have habeas corpus jurisdiction to review an order of removal. 8 U.S.C. § 1252(a)(5) ("Notwithstanding any other provision of law . . ., including section 2241 of Title 28, or any other habeas corpus

---

[1] When Petitioner filed this action in the Tucson Division of this Court, he was confined in the Central Arizona Detention Center in Florence, Arizona. The action was transferred to the Phoenix Division before Petitioner filed a notice of change of address.

1 provision, . . a petition for review filed with an appropriate court of appeals . . . shall be the
2 sole and exclusive means for judicial review of an order of removal . . . ."). The provision
3 dispossessing district courts of jurisdiction is retroactively applicable. REAL ID Act §
4 106(b) , Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005) ("subsection (a) shall take effect
5 upon the date of enactment of this division and shall apply to cases in which the final
6 administrative order of removal, deportation, or exclusion was issued before, on, or after the
7 date of enactment"). Additionally, § 106(c) of the REAL ID Act provides that if any § 2241
8 habeas corpus case "challenging a final administrative order of removal . . . **is pending in**
9 **a district court on the date of enactment**, then the district court shall transfer the case . . .
10 to the [appropriate] court of appeals." REAL ID Act §106(c) (emphasis added). This
11 action, however, cannot be transferred under § 106(c) of the REAL ID Act because it was
12 not pending in this Court on the date of enactment. See Iasu v. Smith 511 F.3d 881, 888-89
13 (9th Cir. 2007). Accordingly, the Petition will be dismissed for lack of jurisdiction.

14 **IT IS HEREBY ORDERED** that the Petition (Doc. 1) and this action are **dismissed**.
15 The Clerk of Court shall enter judgment accordingly.

16 DATED this 3rd day of June, 2008.

_____
Stephen M. McNamee
United States District Judge